UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARLAND MALONE, JR.,

        Petitioner,

                                  CASE NO. 2:13-CV-12495
v.                                    HONORABLE ARTHUR J. TARNOW

JOHN PRELESNIK,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I.      Introduction

      Michigan prisoner Garland Malone Jr. ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of third-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court in 2005 and was sentenced (and re-sentenced) as a third habitual offender to 19 to 30 years imprisonment. In his pleadings, Petitioner challenges the validity of his sentence. He claims that his sentence is a disproportionate upward departure from the state sentencing guidelines and that the re-sentencing court erred by giving deference to his prior, improper sentence.

      Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.

Malone v. Prelesnik
Case No. 2:13-CV-12495

1970) (district court has the duty to "screen out" petitions that lack merit on their face). A Rule 4 dismissal is appropriate for petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the claims raised in the petition are not cognizable upon habeas review and meritless, such that the petition must be denied. The Court also concludes that a certificate of appealability and leave to proceed *in forma pauperis* must be denied.

II.     Facts and Procedural History

Petitioner was convicted of third-degree criminal sexual conduct (person 13 to 16 years of age) following a jury trial in the Wayne County Circuit Court. The trial court sentenced him as a third habitual offender to 19 to 30 years imprisonment in 2005. Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that trial counsel was ineffective for failing to object to the scoring of an offense variable. The court found that any error by counsel was harmless and affirmed Petitioner's sentence. *People v. Malone*, No. 264284, 2006 WL 3682746 (Mich. Ct. App. Dec. 14, 2006). Petitioner filed an application for leave to appeal with the Michigan Supreme Court. In lieu of granting leave to appeal, the court vacated Petitioner's sentence and remanded the case to the trial court for resentencing because the parties misinformed the court about the proper guidelines range. *People v. Malone*, 479 Mich. 858, 735 N.W.2d 270 (2007).

On remand, the trial court imposed the same sentence. Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the trial court failed to state substantial and

2

Malone v. Prelesnik<br>Case No. 2:13-CV-12495

compelling reasons to justify its upward departure from the minimum sentence guideline range. The court vacated petitioner's sentence and remanded the case to the trial court for resentencing because some of the trial court's reasons for departing above the guidelines were inappropriate under state law. *People v. Malone*, No. 288669, 2009 WL 5150335 (Mich. Ct. App. Dec. 29, 2009).

On remand, the trial court imposed the same sentence. Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the trial court did not state the reasons for its upward departure on the record and his sentence was disproportionate and asserting that the trial court erred in deferring to the prior improper sentence. The court ruled that the claims lacked merit and affirmed Petitioner's sentence. *People v. Malone*, No. 299873, 2012 WL 104898 (Mich. Ct. App. Jan. 12, 2012). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Malone*, 491 Mich. 922, 812 N.W.2d 750 (2012).

Petitioner thereafter filed his federal habeas petition with this Court.

III. <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for federal habeas cases brought by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

IV.    Discussion

Petitioner first asserts that he is entitled to habeas relief because the resentencing court erred in departing above the recommended minimum guideline range and his sentence is disproportionate. The Michigan Court of Appeals denied relief on this claim, finding that the upward departure was warranted by the circumstances of the crime and Petitioner's prison record and that his sentence was appropriate. *Malone*, 2012 WL 104898 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. As an initial matter, the Court notes that Petitioner's sentence of 19 to 30 years imprisonment is within the statutory maximum of 30 years imprisonment for a third-degree criminal sexual conduct conviction by a third habitual offender. MICH. COMP. LAWS § 750.520d(1)(a); MICH. COMP. LAWS § 769.11. A sentence within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no such showing.

To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir.

2000). Similarly, any challenge to the trial court's upward departure from the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See, e.g., Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner is also not entitled to relief on any claim that his sentences constitute cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Petitioner's sentence is within the statutory maximum. The state trial court thus acted within its discretion in imposing his sentence and there is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

Malone v. Prelesnik  
Case No. 2:13-CV-12495

Petitioner further asserts that he is entitled to habeas relief because the resentencing court erred by giving deference to his prior, improper sentence. The Michigan Court of Appeals denied relief on this claim, finding that resentencing court did not pay improper deference to the original sentence, and instead considered the entire record and sentenced Petitioner *de novo*. *Malone*, 2012 WL 104898 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. The Michigan Court of Appeals determined that the trial court resentenced Petitioner properly in accordance with state law. As discussed, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief does not lie for perceived state law errors. *Estelle*, 502 U.S. at 67-68. Moreover, Petitioner cites no federal authority or facts in support of this claim. Conclusory allegations without evidentiary support do not provide a basis for habeas relief. *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998). Petitioner has failed to state a claim upon which habeas relief may be granted. Habeas relief is not warranted on this claim.

V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and the petition must be denied.

Malone v. Prelesnik<br>Case No. 2:13-CV-12495

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having done so, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims. A certificate of appealability is not warranted. Nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: June 17, 2013

Malone v. Prelesnik
Case No. 2:13-CV-12495

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on June 17, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

8